UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCOTT C.[1],

          Plaintiff,

v.                                                                              23-CV-243 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.
_____

## DECISION AND ORDER

Plaintiff Scott C. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 6–1. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 7–1, 8. For the reasons below, the Court grants Plaintiff's motion in part and denies the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") and his application for Supplemental Security Income ("SSI"), both filed on November 18, 2020.[2] Tr. 309–10, 315–30.[3] Plaintiff's applications were initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 204–13. Following the hearing, at which Plaintiff was represented by counsel, ALJ Alexander Peter Borré issued a decision finding that Plaintiff was not disabled. Tr. 27–39. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–7; Dkt. 1.

## LEGAL STANDARDS

### I.   DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729

---

[2] Plaintiff applied for both DIB and SSI. To receive DIB, a claimant must show that he or she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 5 are hereby denoted "Tr. __."

F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial

3

gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the

claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 17, 2018, his alleged onset date. Tr. 30. The ALJ also found that Plaintiff suffered from the following severe impairments: "major depressive disorder, moderate, and generalized anxiety disorder." *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels, except that he "is

limited to simple, routine tasks in an environment with only occasional interaction with the public, coworkers, and supervisors, and only occasional, simple changes." Tr. 32.

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 37. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. Tr. 38. As such, according to the ALJ, Plaintiff had not been under a disability from March 17, 2018, through March 21, 2022, the date of the decision. Tr. 39.

## II.  PLAINTIFF'S ARGUMENT

Plaintiff makes two arguments for judgment in his favor. Dkt. 6–1, at 1. First, Plaintiff argues that, despite finding partially persuasive the opinion of Janine Ippolito, Psy.D., the ALJ failed to incorporate all of her opined limitations. *Id.* at 9–13. Second, Plaintiff argues that the Appeals Council failed to consider new and material evidence. *Id.* at 14–20.

## III.  ANALYSIS

### A. The ALJ's RFC limitations are consistent with Dr. Ippolito's moderate mental limitations.

On March 11, 2021, Dr. Ippolito completed a psychiatric evaluation, and opined, among other things, that Plaintiff presented as cooperative, and his manner of relating, social skills, and overall presentation was adequate. Tr. 847–48. Dr. Ippolito determined that Plaintiff had mild limitations in sustaining concentration;

6

performing a task at a consistent pace; and sustaining an ordinary routine and regular attendance at work. *Id.* at 849. Dr. Ippolito further opined that Plaintiff had moderate limitations in regulating emotions, controlling behavior, and maintaining well-being. *Id.* Lastly, Dr. Ippolito listed Plaintiff's prognosis as "fair, but would likely improve with follow up for psychiatric treatment and vocational training." *Id.* at 850.

The ALJ found Dr. Ippolito's opinion to be partially persuasive, noting that her opinion "appear[s] to be consistent with psychiatric and substance abuse problems, but in itself, does not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis." Tr. 36. The ALJ further opined that the opinion "does not provide specific limitations, but does show some findings, such as impaired remote memory, an anxious affect, tense posture, and restless motor behavior that demonstrate moderately impaired attention and concentration and emotional dysregulation, and in turns supports the limitations to occasional contact with others and occasional, simple changes." *Id.*

Contrary to Plaintiff's assertion, the ALJ's RFC limiting Plaintiff to simple, routine tasks, occasional interaction with supervisors, coworkers, and the public, and occasional, simple changes, is consistent with Dr. Ippolito's moderate limitations in regulating emotions, controlling behavior, and maintaining well-being. *Allisa P. v. Comm'r of Soc. Sec.*, 2024 WL 278227, at *10 (W.D.N.Y. Jan. 25, 2024) ("Dr. Farmer's assessment of moderate limitations in regulating emotions, controlling behavior, and maintaining well-being is consistent with the ALJ's RFC

7

finding for simple, unskilled work involving limited social interaction."); *Jennifer M. v. Comm'r of Soc. Sec.*, 2022 WL 19003388, at *7 (N.D.N.Y. Nov. 18, 2022) ("The ALJ accounted for functional limitations associated with moderate difficulties with concentration, pace, social interaction, and maintaining a regular schedule by limiting plaintiff to unskilled work requiring only simple, routine tasks and simple work-related decisions."), *report and recommendation adopted*, 2023 WL 2236607 (N.D.N.Y. Feb. 27, 2023); *Barksdale v. Saul*, 2019 WL 3842358, at *3–4 (W.D.N.Y. Aug. 15, 2019) (rejecting plaintiff's argument that the ALJ "ignored" an opinion assessing moderate limitations in regulating emotions, controlling behavior, and maintain well-being, and finding such an opinion was not inconsistent with the RFC for simple work with only occasional interaction with others). Plaintiff's argument therefore lacks merit.

### B. Additional Evidence Submitted to the Appeals Council

Social Security regulations allow a claimant to submit additional evidence to the Appeals Council in support of a Request for Review, and the Appeals Council must accept the evidence as long as it is new, material, and relates to the period on or before the date of the ALJ's decision. *Hightower v. Colvin*, 2013 WL 3784155, at *3 (W.D.N.Y. Jul. 18, 2013) (citing 20 C.F.R. §§ 416.1470(b), 416.1476(b)(1)). To be considered "new," the proffered evidence cannot be cumulative of what is already in the record. *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988); *Wilbon v. Colvin*, 2016 WL 5402702, at *5 (W.D.N.Y. Sep. 28, 2016). "Evidence is material if it is relevant to the claimant's condition during the time period for which benefits were

denied and there is a reasonable probability that it would have influenced the Commissioner to decide the claimant's application differently." *King v. Comm'r of Soc. Sec.*, 2020 WL 5248473, at *1 (W.D.N.Y. Sep. 2, 2020) (citing *Webb v. Apfel*, 2000 WL 1269733, at *14 (W.D.N.Y. Feb. 8, 2000).

"[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). The Court then must review the entire administrative record—including the new evidence—to determine if substantial evidence supports the ALJ's decision. *Id.* at 46; *see also* 42 U.S.C. § 405(g). In other words, "[t]he relevant inquiry is not whether the Appeals Council properly determined whether the evidence was new and material, but whether the ALJ's decision is supported by substantial evidence in light of the additional information submitted to the Appeals Council." *Tracy G. v. Comm'r of Soc. Sec.*, 2023 WL 2601946, at *6 (W.D.N.Y. Mar. 22, 2023) (citation omitted).

The evidence submitted to the Appeals Council consists of mental medical source statements from Julie Moll, LMSW, and Jennifer Yerke-McNamara, M.D. Tr. 8–18. The Appeals Council determined that the evidence "does not relate to [Plaintiff's] period at issue," and, "[t]herefore, it does not affect the decision about whether [Plaintiff] was disabled beginning on or before March 21, 2022." Tr. 2.

The Appeals Council determined that the new evidence did not relate back to Plaintiff's period at issue because both opinions are dated after the ALJ rendered

9

his decision. *Id.* But that reasoning is not sufficient in determining whether evidence relates back to the period at issue. *Leonard v. Colvin*, 2017 WL 496072, at *5 (E.D.N.Y. Feb. 6, 2017) ("[T]he date alone of new evidence is not determinative if it relates back to the relevant period. If the Appeals Council did evaluate whether the evidence related back to the relevant period and concluded it did not, this was also error. The 2015 report is consistent with Dr. Lattuga's prior report and substantiated plaintiff's ongoing complaints regarding the intensity, persistence, and limiting effects of his claimed disability.") (citations omitted).

On June 16, 2022, LMSW Moll provided a mental medical source statement, and opined, among other things, that she had been working with Plaintiff since 2017. Tr. 8–12. LMSW Moll noted that she could not provide an opinion as to Plaintiff's mental abilities for eight hours a day, and that she could only opine as to Plaintiff's ability to focus for one hour. *See* Tr. 10–12. LMSW Moll opined that because Plaintiff "is overwhelmed when assigned tasks, it is assumed symptoms would increase as tasks increase" but that she "cannot confirm or deny" whether that is true. *Id.* at 12.[4]

---

[4] The Court has reviewed LMSW Moll's mental medical source statement, and finds that her opinion would not have resulted in a different outcome because it is largely duplicative of evidence already considered by the ALJ, and because the majority of her new statement was left blank. Tr. 8–12; *see Johnmark C. v. Comm'r of Soc. Sec.*, 2023 WL 6977430, at *13 (W.D.N.Y. Oct. 23, 2023) ("[the new opinion] adds little of note which the ALJ had not already considered"); *Heather V. v. Comm'r of Soc. Sec.*, 2023 WL 2607301, at *4 (W.D.N.Y. Mar. 23, 2023) ("Still, even when the Appeals Council errs in failing to consider newly submitted evidence, remand is not required where the new evidence would not have resulted in a different outcome, such as where the evidence is merely cumulative or duplicative of evidence that the

Here, it is clear both statements rejected by the Appeals Council relate back to the relevant period because they both pertain to the same conditions that Plaintiff previously complained of. *Hightower v. Colvin,* 2013 WL 3784155, at *3 (W.D.N.Y. Jul. 18, 2013) ("Additional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff.") (citing *Brown v. Apfel,* 174 F.3d 59, 64–65 (2d Cir. 1999). For example, both opinions from Dr. Yerke-McNamara note that Plaintiff's anxiety and depression will be a "lifelong" struggle. *Compare* Tr. 1078 (Dr. Yerke-McNamara's 2021 letter), with *id.* at 14 (Dr. Yerke-McNamara's new medical source statement).

The Court therefore must determine whether there is a "reasonable possibility" that Dr. Yerke-McNamara's new opinion would have influenced the ALJ to decide Plaintiff's application differently. *Tricarico v. Colvin,* 681 F. App'x 98, 102 (2d Cir. 2017) ("Even if the Appeals Council erred by rejecting additional evidence, remand is only appropriate where there is a reasonable possibility that this evidence would have influenced the ALJ to decide the disability determination differently.") (summary order) (internal citations and quotations omitted).

Dr. Yerke-McNamara's new mental medical source statement presents a reasonable possibility that the ALJ may have decided Plaintiff's claim differently. *Rogers v. Saul,* 2020 WL 13551952, at *7 (D. Conn. May 28, 2020) (finding

---

ALJ already considered.") (citing *Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 40 (2d Cir. 2020).

11

"reasonable probability" standard met where new treating physician letter concluded claimant was "unable to meet competitive standards" in areas of attendance, concentration, pace, and dealing with stress.").

Dr. Yerke-McNamara's new mental medical source statement, dated May 11, 2022, listed Plaintiff's diagnoses as "debilitating anxiety" and "depression." Tr. 14. Dr. Yerke-McNamara opined that Plaintiff "has difficulty living life on a sustained basis." *Id.* at 18. Dr. Yerke-McNamara further noted that Plaintiff would be off task more than 30% of the workday; absent from work more than four days per month; and opined that Plaintiff's "anxiety and depression [are] even more overwhelming when around people, in any capacity, and in any situation." *Id.* at 17–18. Lastly, Dr. Yerke-McNamara noted that the majority of Plaintiff's mental abilities and aptitudes precluded all performance in a regular work setting. *Id.* at 16–17.

Courts in this circuit have remanded where new evidence "undercuts" the ALJ's reasoning. *Knight v. Astrue,* 2011 WL 4073603, at *12–13 (E.D.N.Y. Sep. 13, 2011) (finding questionnaire newly submitted to AC was material where it "significantly undermined" the ALJ's RFC); *Lugo v. Berryhill,* 390 F. Supp. 3d 453, 460–61 (S.D.N.Y. 2019) (remanding where Appeals Council rejected new evidence based on reasonable probability standard "[b]ut that rationale fail[ed] to come to grips with the fact that the new evidence undercut[ ] the stated rationale of the ALJ) (citations omitted); *Stratton v. Colvin,* 51 F. Supp. 3d 212, 218–19 (N.D.N.Y. 2014) (remanding where Appeals Council cursorily rejected new medical opinion

that provided context to earlier medical opinion rejected by ALJ and addressed issues raised by the ALJ in rejecting the earlier opinion).[5]

In finding Dr. Yerke-McNamara's letter dated April 22, 2021 to be "partially persuasive," the ALJ noted that the "opinion does not give specific, vocationally relevant limitations, and is only partially supported by her progress notes documenting complaints of depression and anxiety but noting generally normal attention, concentration, memory, and so forth." Tr. 36 (citing *id.* at 619–846). The ALJ additionally opined that Dr. Yerke-McNamara's "reference to significant anxiety, panic attacks, and anhedonia are supportive of mental limitations to simple, routine tasks, occasional contact with others, and occasional, simple changes to limit mood dysregulation." *Id.* at 36.

Here, the new evidence from Dr. Yerke-McNamara provides additional context to her 2021 letter and, therefore, may have influenced the ALJ's evaluation

---

[5] The Commissioner argues that Plaintiff lacked "good cause" for submitting the new evidence sooner. Dkt. 7–1, at 14–16. "The Second Circuit has held that when evidence 'did not exist at the time of the ALJ's hearing, there is no question that the evidence is 'new' and that 'good cause' existed' for the late submission." *Boffa v. Kijakazi,* 2023 WL 4545187, at *9 (E.D.N.Y. Jul. 15, 2023) (citing *Pollard v. Halter,* 377 F.3d 183, 193 (2d Cir. 2004)). "District Courts in this Circuit have declined to address the 'good cause' requirement where the Appeals Council did not assert it as a reason for declining to review new evidence." *Crystal K. v. Comm'r of Soc. Sec.,* 2024 WL 4471361, at *10 (D. Vt. Oct. 11, 2024) (citing *Bridget P. v. Comm'r of Soc. Sec.,* 2023 WL 2402782, at *9 (N.D.N.Y. Mar. 8, 2023) (collecting cases)). "These decisions are supported by the well understood principle, that 'reviewing courts remain bound by traditional administrative law principles, including the rule that judges generally must assess the lawfulness of an agency's action in light of the explanations the agency offered for it rather than any ex post rationales a court can devise.'" *Bridget P.,* 2023 WL 2402782, at *10 (citing *Garland v. Ming Dai,* 593 U.S. 357, 369 (2021)). Because the Appeals Council did not deny review of the ALJ's decision on this ground, the Court declines to consider whether Plaintiff has shown "good cause" for failing to present the evidence sooner.

of Plaintiff's RFC, and ultimately his disability determination. *Daniella A. v. Comm'r of Soc. Sec.,* 2023 WL 155424, at *5 (W.D.N.Y Jan. 11, 2023) ("[W]hile it is possible that the 2020 opinions . . . might not be relevant to the period at issue, it is just as possible that the opinions clarify Daniella's anxiety, PTSD, and depression, all of which the ALJ found to be severe impairments during the relevant time period.") (citations omitted); *L.M. v. Kijakazi,* 2022 WL 16822134, at *7 (D. Vt. Aug. 29, 2022) ("Evidence that post-dates an ALJ's decision can be material if it sheds light on the severity and continuity of the plaintiff's preexisting impairments.") (internal alterations, citations, and quotations omitted). Thus, if the ALJ "had the opportunity to review" the additional evidence, "it is reasonably probable that . . . he would have reached a different conclusion regarding Plaintiff's [RFC]." *Walentynowicz v. Comm'r of Soc. Sec.,* 2024 WL 2972814, at *5 (E.D.N.Y. Jun. 13, 2024).

Under these circumstances, the appropriate course is remand "for consideration in light of [the] new evidence." *Vosburgh v. Comm'r of Soc. Sec.,* 2019 WL 2428501, at *6 (W.D.N.Y. Jun. 11, 2019). "On remand, the Commissioner is free to consider how the new evidence affects the entirety of the ALJ's decision." *Lugo,* 390 F. Supp. 3d at 461.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for judgment on the pleadings (Dkt. 6–1), and **DENIES** the Commissioner's cross-motion for judgment on the pleadings (Dkt. 7–1). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   June 18, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE